## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
_____
                                 )
George E. Kersey,                )
                                 )
           Plaintiff,            )     Civil Action No.
                                 )     19-cv-11932-NMG
              v.                 )
                                 )
Avery Dennison Corporation,      )
                                 )
           Defendant.            )
                                 )
                                 )
_____)
```

### MEMORANDUM & ORDER

**GORTON, J.**

This case arises out of an interminable disagreement between George M. Kersey ("plaintiff" or "Kersey") and Avery Dennison Corporation ("defendant" or "Avery Dennison") regarding whether Kersey was ever an "employee" of Avery Dennison. In the current iteration of this dispute, Kersey seeks to recover pension benefits from Avery Dennison.

Pending before the Court is the motion of defendant for judgment on the pleadings.

## III. **Background**

### A.   **Factual Background**

In 1966, Kersey, then a licensed attorney, began performing legal services for the Dennison Manufacturing Company ("Dennison"), which subsequently merged with Avery International Corporation to form Avery Dennison.  Kersey avers that he was employed by Dennison as the manager of its patent department and worked hours that were set and monitored by Dennison.  Avery Dennison contends that Kersey was retained as its attorney and that neither it nor its predecessor at any time maintained an employment relationship with him.

Kersey parted ways with Dennison in 1989 on less than amicable terms.  Dennison proposed to alter Kersey's role which Kersey maintains resulted in his constructive termination.

### B.   **Prior Lawsuit**

In September, 1989, Kersey sued Dennison and several individual defendants in this Court alleging, among other things, breach of employment contract, quantum meruit, refusal to pay for services, age discrimination, invasion of privacy and intentional interference with contractual relations.  Denison denied the allegations and interposed several counterclaims.

In February, 1992, United States District Judge A. David
Mazzone accepted and adopted a report and recommendation of
United States Magistrate Judge Joyce Alexander and entered
summary judgment for defendants on Kersey's breach of contract
and age discrimination claims. Kersey v. Dennison Mfg. Co., No.
89-cv-2650-MA, 1992 WL 71390 (D. Mass. Feb. 21, 1992).
"Central" to Dennison's success on those two counts was the
Court's determination that Kersey was Dennison's attorney, not
its employee. Id. at *4.  After scrutinizing the extended
relationship between the parties, the Court concluded that
Dennison made a

> substantial showing that there was no genuine issue of
> material fact that Kersey was acting as Dennison's
> attorney.

Id.

In his capacity as Dennison's attorney, the Court
explained, Kersey was subject to termination "at any time – even
without cause." Id. *3-*4.  For that reason, Kersey could not
prevail on his claims of breach of employment contract and age
discrimination. Id.

The Court certified its summary judgment order for
interlocutory appellate review pursuant to Fed. R. Civ. P.
54(b).  Kersey appealed and the First Circuit Court of Appeals
dismissed for lack of jurisdiction. Kersey v. Dennison Mfg. Co.,

3 F.3d 482 (1st Cir. 1993).  The First Circuit held that Kersey's notice of appeal was untimely because it was filed before the District Court denied his pending motion for reconsideration.  Id. at 484-85.  It further held that certification for appellate review pursuant to Fed. R. Civ. P. 54(b) was improper because interlocking factual issues were common to other claims not yet ripe for appeal and the equities did not otherwise favor interlocutory appellate review.  Id. at 488.

On remand to the District Court, several claims were dismissed, and the remaining claims were settled.  Kersey did not seek further appellate review of the District Court's allowance of summary judgment and that order remains the law of the case.

### C.  Current Dispute

In August, 2019, Kersey filed the instant complaint demanding that this Court order Avery Dennison to pay him pension benefits.  Kersey also requests damages for defendant's (1) failure to respond to his pension inquiry, (2) provision of false advice and (3) claim that no record of his employment with Dennison exists.  Kersey demands compensatory and punitive damages as well as a trial by jury.

In February, 2020, Kersey filed an amended complaint.  Upon the motion of defendant, the Court denied entry of the amended complaint pursuant to Fed. R. Civ. P. 15(a) because more than 21 days had elapsed since defendant answered the complaint and Kersey had not obtained defendant's consent or leave of Court to amend.

Kersey appealed this Court's refusal to docket his amended complaint but the First Circuit Court of Appeals dismissed that appeal for lack of jurisdiction.  In the meantime, defendant has filed a motion for judgment on the pleadings to which the Court now turns.

## IV.  Motion for Judgment on the Pleadings

### A.  Legal Standard

Although a Rule 12(c) motion for judgment on the pleadings considers the factual allegations in both the complaint and the answer, it is governed by the same standard as a Rule 12(b)(6) motion to dismiss. See Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).  To survive such a motion, the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

For a claim to be facially plausible, the pleadings must show "more than a sheer possibility that a defendant has acted unlawfully." Id.  A plaintiff cannot merely restate the defendant's potential liability and the court is not "bound to accept as true a legal conclusion couched as a factual allegation." Id.

In considering the merits of such a motion, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006).  The Court may also consider documents if 1) the parties do not dispute their authenticity, 2) they are "central to the plaintiffs' claim" or 3) they are "sufficiently referred to in the complaint." Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

The parties presume that Massachusetts substantive law governs this case, which arises from an alleged employment relationship in Massachusetts and raises state law issues.  The Court will proceed on the same presumption.

**B.   Application**

Avery Dennison contends that Kersey's attempt to obtain pension benefits fails for two independently sufficient reasons: (1) Kersey is collaterally estopped from claiming he is a Dennison employee entitled to pension benefits; and (2) the affirmative defense of laches bars Kersey's claim because he delayed its pursuit for nearly 30 years.

As a preliminary matter, the Court struggles to discern the precise cause of action pursuant to which Kersey proceeds.  He describes his single count as one "on contract, implied contract and tort."  Construing Kersey's pro se complaint liberally, he appears to seek equitable relief for economic tort and breach of contract. See Estelle v. Gamble, 429 U.S. 97, 107 (1976) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." (internal quotation marks omitted)).

Regardless of the precise cause of action pursued, Kersey cannot recover pension benefits from Avery Dennison unless he can demonstrate that he was an employee of Dennison eligible for participation in the relevant pension plan.  See 29 U.S.C. § 1002(7) (defining a "participant" in an ERISA qualified benefit plan as "any employee or former employee of

an employer"). For reasons explained below, however, Kersey is prevented from doing so by the doctrine of collateral estoppel.

Collateral estoppel bars a court from hearing a previously adjudicated claim if

> (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom estoppel is asserted was a party (or in privity with a party) to the prior adjudication; (3) the issue in the prior adjudication is identical to the issue in the current adjudication; and (4) the issue decided in the prior adjudication was essential to the earlier judgment.

Green v. Town of Brookline, 757 N.E.2d 731, 734 (Mass. App. Ct. 2001) (citing Martin v. Ring, 514 N.E.2d 663 (Mass. 1987)).

The first element requires that an issue be "actually litigated" and is met if a court grants relief on "documentary submission and arguments of the parties." McLaughlin v. City of Lowell, 84 Mass. App. Ct. 45, 57 n.21 (2013); see also Treglia v. MacDonald, 430 Mass. 237, 241 (1999). A final judgment need not be pursued on appeal as long as the losing party was provided an "avenue for review". Sena v. Commonwealth, 417 Mass. 250, 260 (1994).

The District Court's grant of summary judgment in Kersey v. Dennison Mfg. Co., No. 89-cv-2650-MA, 1992 WL 71390 (D. Mass. Feb. 21, 1992) constitutes a final judgment on the merits. Following the First Circuit's denial of appellate review for

lack of jurisdiction, Kersey did not attempt to cure the jurisdictional deficiency and pursue further appellate review. The summary judgment order, therefore, remains a valid and final decision.

Kersey responds by referring to language in the First Circuit's opinion denying review for lack of jurisdiction which he contends shows that the First Circuit "clearly suggest[ed] that Kersey was an employee" of Dennison. Kersey, however, misunderstands the First Circuit's decision which denied to review the merits of the District Court's order for lack of jurisdiction but in no way undermined the District Court's ruling. The language on which Kersey relies is merely descriptive, providing an overview of the kind of work Kersey engaged in for Dennison without classifying the relationship between the parties. Consequently, the District Court's allowance of summary judgment is a final judgment.

As to the second element, there is no dispute that Kersey, the party against whom collateral estoppel is now asserted, was a party to the prior proceeding.

The third element is also satisfied. In the instant dispute, to succeed on his claim for pension benefits, Kersey must demonstrate that he was a Dennison employee. In the prior litigation, Kersey was unable to prevail on his claims of breach

of contract and age discrimination because the Court determined that he was not a Dennison employee.  The issues are, therefore, identical.

The final determinative of collateral estoppel is whether the issue decided in the prior adjudication was essential to the earlier judgment.  In the prior litigation, the District Court expressly stated that "central" to its grant of summary judgment on Kersey's claims of breach of contract and age discrimination was its determination that Kersey was not an employee of Dennison. See Kersey, 1992 WL 71390, at *3.  That determination was conclusive and, thus, essential to the judgment.

Nearly 30 years ago, Kersey was provided a full and fair opportunity to litigate whether he was an employee of Dennison. Although he maintains his disagreement with that decision, he is bound by it and, consequently, collaterally estopped from re-litigating it.

Accordingly, it is beyond doubt that Kersey, as a non-employee of Dennison, can prove no set of facts in support of his claim for pension benefits that would entitle him to relief. Having so concluded, the Court will enter judgment on the pleadings for defendant without considering its affirmative defense of laches.

**ORDER**

For the forgoing reasons, the motion of defendant Avery Dennison for judgment on the pleadings (Docket No. 21) is **ALLOWED**.


**So ordered.**


/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge


Dated April 23, 2020